**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Arazael Ivan ZAVALA–FLORES, also known as Arazael Ivan Zavala Flores, Defendant–Appellant.**

No. 04–40819.
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided Aug. 17, 2005.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Assistant Federal Public Defender, Sandra Zamora Zayas, Assistant Federal Public Defender, Molly E. Odom, Federal Public Defender's Office, Houston, TX, for Defendant–Appellant.

Before BENAVIDES, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM: *

Arazael Ivan Zavala–Flores (Zavala) appeals the 57–month sentence imposed after he pleaded guilty to one count of illegal reentry into the United States. *See* 8 U.S.C. § 1326.

Zavala contends that 8 U.S.C. § 1326(b) is unconstitutional and that this court should vacate his sentence and remand his case for resentencing to no more than two years in prison under 8 U.S.C. § 1326(a). As he concedes, this contention is foreclos-

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

ed by *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998).

Zavala also contends that he is entitled to resentencing because the district court sentenced him under a mandatory application of the federal sentencing guidelines contrary to the rule of *United States v. Booker*, — U.S. —, — – —, —, 125 S.Ct. 738, 756–57, 769, 160 L.Ed.2d 621 (2005). We review for plain error. *See United States v. Valenzuela–Quevedo*, 407 F.3d 728, 732 (5th Cir.2005), *petition for cert. filed* (July 25, 2005) (No. 05–5556). Although there was an error, Zavala has failed to demonstrate a sufficient probability "that the district judge would have imposed a different sentence" under advisory guidelines. *See id.* at 733. Zavala thus fails to show that the error affected his substantial rights as he must do to meet the plain-error standard. *See id.; United States v. Mares*, 402 F.3d 511, 502, 521–22 (5th Cir.2005), *petition for cert. filed* (Mar. 31, 2005) (No. 04–9517).

The judgment of the district court is AFFIRMED.